UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

June 11, 2019

John M. Esposito, Esq.
870 Pompton Avenue
Suite 2A
Cedar Grove, NJ 07009
*Counsel for Defendant AMAC Logistics, LLC*

James Paul Krauzlis, Esq.
Casey & Barnett, LLC
305 Broadway, Suite 1202
New York, NY 10018
*Counsel for Plaintiff Continental Casualty Co.*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:  Continental Casualty Co. v. Radiant Global Logistics, et al.
Civil Action No. 19-7812 (SDW) (SCM)**

Counsel:

Before this Court is Defendant AMAC Logistics, LLC's ("AMAC") Motion to Dismiss Plaintiff Continental Casualty Co.'s ("Continental" or "Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered AMAC's submissions, noting that Plaintiff did not file papers in opposition, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, grants Defendant's motion.

## DISCUSSION

A. Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v.*

*County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B. <u>Plaintiff's Complaint Does Not State A Sustainable Claim Against AMAC</u>

On March 5, 2019 Plaintiff filed suit against Radiant Global Logistics ("Radiant"), AMAC, GMG Express, Inc. ("GMG"), and A&F Services, Inc. ("A&F") in a dispute over the transportation and unloading of six packages from California to New Jersey. (D.E. 1 ¶ 9.) Specifically, Plaintiff alleges that the shipment was "dropped" during the unloading process at its destination, sustaining "severe physical damages" which rendered its contents "a total loss and unrepairable." (*Id.* ¶¶ 12-13.) The Complaint raises claims for breach of contract, breach of bailment, and negligence against all Defendants. (*Id.* ¶¶ 21-35.)

The Complaint specifically alleges that Radiant hired AMAC "to arrange for the subject transportation and AMAC, in turn, subcontracted and hired GMG to perform the contracted for . . . 'white gloves' carriage of the shipment" from California to New Jersey. (*Id.* ¶ 10.) Radiant separately hired "A&F to offload and provide 'white glove' handling in unloading the subject shipment at destination in New Jersey." (*Id.*) AMAC, therefore, had no role in the unloading process, which is when Plaintiff alleges the shipment was damaged. As such, Plaintiff has failed to state a claim upon which relief can be granted against AMAC.

**<u>CONCLUSION</u>**

For the reasons set forth above, Defendant AMAC's Motion to Dismiss (D.E. 9) is **GRANTED**. An appropriate order follows.

                                                 /s/ Susan D. Wigenton
                                       **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Steven C. Mannion, U.S.M.J.